UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN ROBERTSON                                          CIVIL ACTION

vs.                                                             NO. 18-579-SDD-RLB

DARREL VANNOY

### ORDER

The Court issued an Order (R. Doc. 10) on May 24, 2019 granting Petitioner's Motion to Stay (R. Doc. 8) this litigation and hold it in abeyance so that Petitioner could exhaust additional claims in state court. Since then, the Court has received Status Report updates on the proceedings in state court, which have indicated the parties were actively engaged in settlement negotiations. (R. Docs. 12, 14).

On December 23, 2025, the Respondent, Darrel Vannoy (Respondent or the State), enrolled counsel from the Attorney General's Office and filed a Motion to Lift Stay (R. Doc. 17).

At just over a page, the Motion summarily claims that any delay in a habeas litigation harms the State's "pinnacle interest in the finality of its criminal judgments," and generally warns of petitioners who "might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." (R. Doc. 17-1 at 1). There are no details or facts, however, specific to this litigation.

In contrast, Petitioner responses provide case-specific information and details relevant to the issue. (R. Doc. 30, 34). For example, Petitioner informs the Court that it was in fact the State—not Petitioner—who moved in 2019 to stay the habeas proceeding in state court pending resolution of a related issue before the Louisiana Supreme Court. And although that related issue has long been resolved, the State has still never answered the habeas proceeding, despite an order

to do so, or moved to lift the stay. (R. Doc. 30 at 1-2); (R. Doc. 30-1). Instead, the parties have engaged in protracted negotiations in state court, supposedly agreeing to a Contract for Life on March 28, 2024—life in prison without the possibility of parole in exchange for Petitioner's dismissal of his state and federal habeas proceedings. (R. Doc. 34-1 at 4). Before reaching the agreement, Petitioner indicates that the Assistant District Attorney representing the state sought the approval of the Attorney General, who consented to the Contract for Life in January of 2025. (R. Doc. 34-1 at 2).[1] The Contract for Life was then disclosed to the presiding judge in state court. (R. Doc. 34-1 at 4, 5).

But according to state court filings provided by Petitioner, on March 12, 2025, Petitioner learned that the AG "was now taking an 'inconsistent' position with respect to the contract for life." (R. Doc. 34-1 at 5). However, it was not until December 15, 2025 that the AG expressed "formal opposition to a life contract." (R. Doc. 34-1 at 5). The AG then enrolled in the state court proceeding and moved to dismiss *sua sponte* pursuant to article 927 of the Louisiana Code of Criminal Procedure. (R. Doc. 34-1 at 5, 11). Petitioner filed a Motion to Enforce Settlement in state court on February 10, 2026 (R. Doc. 34-1), as well as a Motion for Summary Judgement (R. Doc. 34 at 1).

According to Petitioner's Notice of Additional State Court Proceedings (R. Doc. 34), the Motion to Enforce Settlement and Motion for Summary Judgement were set for hearing in state court on March 18, 2026. (R. Doc. 34 at 2). This Court's own review of the state court docket, however, indicates that the hearing has been postponed until May 14, 2026.

---

[1] The victim's family members also were involved and agreed to this settlement. (R. Doc. 34-1 at 4, 7). And it was then presented to the state court judge in chambers on January 31, 2025. (R. Doc. 34-1 at 4). A signed copy of the Settlement Agreement was later emailed to the state court judge on February 6, 2025 by the DA. (R. Doc. 34-1 at 5).

Depending on their outcome, the Motion to Enforce Settlement and Motion for Summary Judgement could potentially moot this federal proceeding or warrant a lifting of the present stay. *See* Order at 1-2, *Williams v. Cain*, No. 15-cv-868-BAJ-EWD (M.D. La. Jan. 27, 2022), ECF No. 64 (granting dismissal of federal habeas claim based on contract for life) And so,

**IT IS ORDERED** that **within 72 hours** of the state court's **hearing** on the **Motion to Enforce Settlement** and **Motion for Summary Judgement**, the parties must file a **Status Report** summarizing what occurred during that hearing and updating the Court on the status of the Motion to Enforce Settlement and the Motion for Summary Judgement. If the **hearing** is again **postponed** by the State Court, the parties must also file a **Status Report** notify this Court of the postponement within **72 hours**.

Signed in Baton Rouge, Louisiana, on May 6, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**